# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MELISA COTTON                                                          PLAINTIFF

v.                          4:18cv00186-BSM-JJV

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration                               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge Brian S. Miller. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Melisa Cotton, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. She was denied benefits on March 24, 2015, but the Appeals Council remanded that decision. (Tr. 250-251.) Another Administrative Law Judge (ALJ) reconsidered Ms. Cotton's case and concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed that Plaintiff could perform despite her impairments. (Tr. 107-

1

120.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend Plaintiff's Complaint be DISMISSED.

Plaintiff was forty-three years old at the most recent administrative hearing. (Tr. 162.) She has an eleventh grade education and has past relevant work as a certified nursing assistant, cashier/checker, server, and dishwasher/cleaner. (Tr. 118.)

The ALJ[1] found Ms. Cotton had not engaged in substantial gainful activity since September 7, 2012 - the alleged onset date. (Tr. 109.) She has "severe" impairments in the form of fracture of the lower extremity status post-surgeries, degenerative disc disease, obesity, chronic obstructive pulmonary disease, left shoulder early osteoarthritis and tendon tear, obstructive sleep apnea, bilateral carpal tunnel syndrome, a mood disorder, and post-traumatic stress disorder. (*Id.*) The ALJ further found Ms. Cotton did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 110-112.)

The ALJ determined Ms. Cotton had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 57.) Based on his residual functional capacity assessment, the ALJ determined Ms. Cotton could no longer perform any of her past relevant work. (Tr. 118.) Therefore, he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 193-201.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of final assembler of optical goods and toy stuffer. (Tr. 119.) Accordingly, the ALJ determined Ms. Cotton was not disabled. (Tr. 119-120.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).
[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ's residual functional capacity assessment was flawed. (Doc. No. 10 at 4-10.) Ms. Cotton raises several points in advancing her argument. But her most compelling point is whether she has the ability to "frequently grasp and finger with both hands." (Tr. 113.) Ms. Cotton has been diagnosed with *moderate* carpal tunnel syndrome and she has fairly called into question her ability to perform the physical demands of the jobs of final assembler and toy stuffer. (See Dictionary of Occupational Titles (DOT) #713.687-018/731.685-014 and Selected Characteristics of Occupations Defined.)

In assessing Ms. Cotton's carpal tunnel syndrome, the ALJ stated:

> The claimant has been diagnosed with bilateral carpal tunnel syndrome. In 2015, the claimant was evaluated at Arkansas Ortho for complaints of bilateral hand pain. A physical examination showed that the claimant had some positive carpal tunnel syndrome with ulnar neuropathy. Dr. Frazier recommended conservative treatment only for the claimant's disorder. He never recommended surgery as alleged by the claimant. Dr. Frazier prescribed splints to be worn by the claimant at night. The claimant testified she plays computer games daily for up to an hour. The undersigned finds that the record supports a finding that the claimant would be limited to sedentary work with frequent grasping and handling.

(Tr. 116.)

Plaintiff argues, "…there is no medical opinion in the administrative record addressing her residual functioning of the upper extremities following her diagnosis and treatment." (Doc. No. 10 at 7-8.) Plaintiff is correct that there is no specific evidence

4

regarding her ability to function with her hands. However, given the medical evaluation of orthopedic specialist G. Thomas Frazier, M.D. (Tr. 675-679), the ALJ's conclusion is supported by substantial evidence. Dr. Frazier stated, "In view of the patient's clinical and electrodiagnostic findings, I have recommended continued nonoperative treatment." (Tr. 678.) And while Plaintiff argues to the contrary (Doc. No. 10 at 7), the ALJ could correctly rely on Plaintiff's testimony regarding her ability to play computer games. (Tr. 181.)

Ms. Cotton has a number of impairments and I am sympathetic to her claims. Yet, I am simply unable to find support in the record to merit reversal of the ALJ's decision in this case. I agree with the Commissioner that Plaintiff has simply not met her burden of proving she is disabled. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988); *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Plaintiff has advanced other arguments that I find are without merit. Ms. Cotton's counsel has done an excellent job of advocating for her rights in this case. Yet it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the]

5

conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 22nd day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE